[Civ. No. 20285.   Second Dist., Div. Three.   Dec. 27, 1954.]

DELLA G. GERBRACHT et al., Respondents, v. KATHRYN OBERSMITH, Appellant.

Kathryn Obersmith, in pro. per., for Appellant.

Dwain Tarbet for Respondents.

SHINN, P. J.—Della G. Gerbracht and Rolf L. Meuer, substituted as plaintiffs for Methodist Leaders Lodge, sued Kathryn Obersmith and others to quiet title to two city lots. Defendant Obersmith filed a cross-complaint against plaintiffs and others to quiet title.  Among other defenses to the cross-complaint of Obersmith, the answers of the cross-defendants alleged title by prescription.  Obersmith, by answer and cross-complaint, pleaded in abatement of the present action the pendency of a former action which remained undetermined.

The court found that the plaintiffs and cross-defendants Della G. Gerbracht and Rolf L. Meuer are now the owners of the fee title to the property in question, having obtained it by mesne conveyance from Helen A. Leavitt, the sole heir to Henry P. Leavitt, deceased. It found that Clara Anderson was formerly the owner of the fee title; she conveyed her title to Henry A. Leavitt on May 8, 1936, by conveyance which was duly recorded in Los Angeles County on February 25, 1938; Leavitt entered into ''actual, exclusive and continuous occupation and possession of the property,'' and that he and his successors have remained in such possession until the commencement of this action, claiming the same adversely and paying all taxes assessed thereon. It was found that Clara Anderson on June 14, 1937, deeded the property to defendant Obersmith but that the deed was taken by the latter with actual and constructive notice of the prior conveyance to Leavitt, and also with actual and constructive notice of the continued use and occupation of the property by Leavitt and his successors. It was found that Obersmith had paid no taxes on the lots since May 8, 1936, nor been in possession or occupation of the lots. The findings, conclusions and judgment were that defendant Obersmith had no title and that any claim of title by her was barred by the provisions of section 318 of the Code of Civil Procedure. Defendant Obersmith appeals.

The findings support the judgment. They not only establish that plaintiffs' predecessors acquired title from Mrs. Anderson by deed which was superior to the deed to Obersmith but they also show a good prescriptive title in plaintiffs.

Appellant argues that there was no evidence that there was a delivery of the deed of Mrs. Anderson to Leavitt. A grant duly executed is presumed to have been delivered at its date. (Civ. Code, § 1055.) In her briefs appellant makes no attack upon the finding that she received her deed from Mrs. Anderson with notice of the prior deed to Leavitt. Neither does she question the finding of facts which would establish a prescriptive title in plaintiffs, nor does she make any reference to the evidence upon that issue. We must accept the findings as conclusive as to the material facts.

Although it was alleged in the cross-complaint of Obersmith that an action to quiet title was instituted against her in 1939 by one of plaintiffs' predecessors and that the action was still pending, the cross-complaint did not pray for an abatement of the present action but, upon the contrary,

sought a decree establishing title in the cross-complainant. It does not appear that appellant urged a plea in abatement at the trial. If there was any merit in the plea of another action pending, which we doubt, the plea was waived.

The judgment and the order appealed from are affirmed. The attempted appeal from an order denying motion for a new trial is dismissed.

Wood (Parker), J., and Vallée, J., concurred.